IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CANÓVANAS URBAN DEVELOPMENT, INC.**, Plaintiff, v. **MUNICIPALITY OF CANÓVANAS**, Defendant. | CIV. NO. 20-1487 (MDM) |

## OPINION AND ORDER

Plaintiff Canóvanas Urban Development, Inc. (hereinafter the "plaintiff") brings the present action pursuant to 42 U.S.C. § 1983 seeking compensation for the value of a property allegedly taken by the Municipality of Canóvanas (hereinafter the "defendant" or the "Municipality"), "without compensation in violation of the Fifth Amendment of the United States Constitution." (*See* Docket No. 1). Presently before the Court is the Municipality's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Docket No. 33). The plaintiff subsequently filed a response in opposition thereto (s*ee* Docket No. 36), and the Municipality did not file a reply. After a careful review of the pertinent filings, and applicable law, the Court rules as follows.

### I. Standard of Review: Motions to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

Pursuant to Fed. R. Civ. 12(b)(1), a party may request the dismissal of a complaint for lack of subject matter jurisdiction. When ruling on a Fed. R. Civ. P. 12(b)(1) motion, the Court must abide by a virtually identical standard of review to the one applied to Rule 12(b)(6) motions. However, it is well-settled that "[t]he part[y] asserting jurisdiction [has] the burden of demonstrating the existence of federal jurisdiction." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F. 3d 14, 20 (1st Cir. 2013). Thus, when a defendant challenges the jurisdiction of the court under

Rule 12(b)(1), the plaintiff is required to present whatever evidence is necessary to establish that jurisdiction exists. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).

Here, because the plaintiff is confronted with the Municipality's 12(b)(1) motion to dismiss, plaintiff has the burden of establishing that subject matter jurisdiction exists within the parameters of the "plausibility" standard established by *Twombly* and *Iqbal*. *See Sánchez v. United States*, 707 F. Supp. 2d 216, 225–26 (D.P.R. 2010), *aff'd sub nom. Sánchez ex rel. D.R.S. v. United States*, 671 F.3d 86 (1st Cir. 2012). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. *Ramos v. Rodríguez,* Civ. No. 10-1179 (JAG) 2011 WL 497945 (D.P.R. Feb. 8, 2011).

Where the court is presented with a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court construes the plaintiff's complaint liberally and courts may look beyond the pleadings and consider evidence challenging and or supplementing the jurisdictional allegations. *Dynamic Image Technologies v. United States*, 221 F.3d 34, 37 (1st Cir. 2000). As such, in contrast to Rule 12(b)(6), in ruling on a Rule 12(b)(1) motion, a court's inquiry is not limited to the face of the pleadings and courts ordinarily "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." *Aversa v. United States,* 99 F.3d 1200, 1209–10 (1st Cir. 1996); *see also Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010). The Court is thus *not* circumscribed to the allegations in the complaint and may "take into consideration extra-pleading material." *Wojciechowicz v. United States,* 530 F. Supp. 2d 421, 424 (D.P.R. 2007) (quoting 5B Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed. 1990), p.213 (internal quotation omitted).

When ruling on a motion to dismiss under Rule 12(b)(1), the courts apply the same standard of review applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Negrón–Gaztambide v. Hernández–Torres,* 35 F.3d 25, 27

(1st Cir. 1994); *see also Caraballo–Meliá v. Suarez–Domínguez,* Civ. No. 08–2205, 2010 WL 830958 at *1 (D.P.R. March 4, 2010).

In the present case, the plaintiff is also confronted with a motion to dismiss under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Stated differently, "[a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sánchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir. 2009). In analyzing the sufficiency of the complaint, the Court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. *Dixon v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 336, 339-40 (D. Mass. 2011) (*citing Langadinos v. American Airlines*, Inc., 199 F.3d 68, 69 (1st Cir. 2000)).

Under Rule 12(b)(6), dismissal is proper when "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzáles-Morales v. Hernández-Arencibia*, 221 F.3d 45, 48 (1st Cir. 2000) (citing *Correa-Martínez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990)). Furthermore, dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Centro Médico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 6 (1st Cir. 2005) (quoting *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir. 1997)); *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

## II.   Discussion

In the above-captioned Complaint, the plaintiff alleges that the Municipality "without permission, entered [its] property and has built sports facilities therein" and that the Municipality has "taken plaintiff's property and [is] liable for value of said property at the time of the taking." (Docket No. 1). Plaintiff brings this action

pursuant to 42 U.S.C. § 1983, seeking just compensation for the value of the property that was purportedly taken by the Municipality.

On its part, the Municipality requests the dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing that: (i) jurisdiction and venue are proper in the Courts of the Commonwealth of Puerto Rico; (ii) plaintiff's cause of action is time barred, as the applicable statute of limitations for an inverse condemnation action has elapsed; and (iii) the Municipality is not a person under 42 U.S.C. § 1983 and thus cannot be sued. The Municipality further maintains that dismissal is proper under Rule 12(b)(6) for failure to state a claim because the Complaint fails to present factual allegations, either direct or inferential, with respect to each material element necessary to sustain recovery under the applicable actionable theory. *See Gagliardi*, 513 F. 3d at 305. More specifically, the Municipality argues that the Complaint's bare and minimal allegations are insufficient to establish a cognizable claim pursuant to § 1983, and as a result, dismissal of the Complaint is warranted.

Ordinarily, a court presented with motions to dismiss under both Rules 12(b)(1) and 12(b)(6) should decide jurisdictional questions before addressing the merits. *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002); *Torres-Vázquez v. Commercial Union Ins. Co.*, 417 F. Supp. 2d 227, 233 (D.P.R. 2006) (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir. 2001)). The Court will proceed as such.

        A.    <u>Failure to exhaust administrative remedies</u>

Inverse condemnation is "a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant." *United States v. Clarke*, 445 U. S. 253, 257 (1980) (quoting D. Hagman, Urban Planning and Land Development Control Law 328 (1971)). The purpose of an inverse condemnation action is "to serve as a protection for the owners to force the State to comply with the constitutional provisions guaranteeing that no person shall be deprived of his property without due process of law and without having received

compensation." *Heftler International, Inc. v. Planning Board*, 99 P.R.R. 454, 460-61 (1978). Inverse condemnation is recognized by Puerto Rico law. *See e.g., Culebras Enterprises Corp. v. Rios*, 813 F.2d 506, 512-513 (1st Cir. 1987). In order for the inverse condemnation action to proceed, the plaintiff must demonstrate that his particular situation constitutes a physical seizure of his property or an impermissible restriction of its use. *Torres Marrero v. Mayor of Ponce*, 199 D.P.R. 493, 501 (2017).

Here, the Municipality claims that an inverse condemnation action must be brought in the State court corresponding to the territorial jurisdiction where the affected land is located, as established by Rule 3.3 of the Puerto Rico Rules of Civil Procedure. The Municipality further maintains that plaintiff failed to exhaust State administrative remedies, which precludes an action for inverse condemnation in federal court. As such, it argues that dismissal of the Complaint is proper for lack of subject matter jurisdiction.

In support of said argument, the Municipality points to the Court of Appeals for the First Circuit's holding in *Culebras Enterprises Corp.*, 813 F.2d at 514 (1st Cir. 1987) (quoting *Hudson v. Palmer*, 468 U.S. 517, 539 (1984)). In that case, the First Circuit determined that "in order to prevail on a damages claim for an alleged deprivation of due process or taking without just compensation, 'the claimant must either avail himself of the remedies guaranteed by state law or prove that the remedies are inadequate.'" *Id*. "Compensation must *first* be sought, . . ., from the Commonwealth of Puerto Rico through an action for inverse condemnation." *Culebras Enterprises Corp.,* 468 U.S. at 514. "If, however, the state affords a reasonable, certain, and adequate procedure for obtaining compensation, there can be no violation of substantive due process. Since, as we have observed, Puerto Rico may provide such a means for obtaining compensation, we see no possible basis for separate recovery in a federal court on grounds of a denial of due process, at least until the state inverse condemnation proceeding is resolved." *Id*. Relying on the above precedent, the Municipality argues that plaintiff did not follow the First Circuit's ruling in *Culebras*

*Enterprises Corp.*, *id*., because it has not availed itself of the remedies guaranteed by State law and is therefore barred from pursuing this action in federal court.

In comparison, the plaintiff argues that recent case law contravenes the Municipality's argument and claims that the holding in *Culebras Enterprises Corp.,* supra, has in effect been overturned. *See Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019). After examining in detail the case law cited by both parties, and conducting independent legal research, the Court agrees with the plaintiff.

While the First Circuit in *Culebras Enterprises Corp.,* supra, did in fact hold held as the Municipality suggests, the plaintiff has pointed to more recent caselaw from the Supreme Court, which holds otherwise. In 2019, the Supreme Court decided in *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), that a landowner is *not* required to pursue an inverse condemnation action against a township in state court *before* bringing a 42 U.S.C. § 1983 action alleging violation of the Fifth Amendment Takings Clause in federal court. *Id*. at 2168. The *Knick* Court unambiguously stated:

> If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—*without* regard to subsequent state court proceedings. And the property owner may sue the government *at that time* in federal court for the "deprivation" of a right "secured by the Constitution." 42 U.S.C. § 1983.

*Id*. at 2170. In so holding, the Supreme Court overruled *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson Cit*y, 473 U.S. 172 (1985), which required a plaintiff to pursue state remedies *before* recurring to federal courts.[1]

The *Knick* Court recognized: "the settled rule is that exhaustion of state remedies is *not* a prerequisite to an action under 42 U.S.C. § 1983." *Knick*, supra

---

[1] The *Knick* Court expressed its belief that *Williamson County* made the Takings Clause an inferior right "among the provisions of the Bill of Rights;" by reversing *Williamson County*, the Supreme Court meant to "restor[e] takings claims" to equal and "full-fledged status . . . among the other protections in the Bill of Rights." *Knick,* supra at 2169–70; *see also id*. at 2177 ("Takings claims against local governments should be handled the same as other claims under the Bill of Rights.").

at 2167 (emphasis in original) (citing *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). The Supreme Court went on to find that when a property owner is denied just compensation, he has an actionable [constitutional] claim in federal court "as soon as a government takes his property for public use without paying for it." *Knick*, supra at 2170. *See Zito v. N. Carolina Coastal Res. Comm'n*, 8 F.4th 281, 286 (4th Cir.), cert. denied, 211 L. Ed. 2d 283, 142 S. Ct. 465 (2021). The Supreme Court additionally held that the availability of any particular compensation remedy, such as an inverse condemnation claim under state law, *cannot infringe, or restrict* the property owner's federal constitutional claim—just as the existence of a state action for battery does not bar a Fourth Amendment claim of excessive force. *Knick*, 139 S. Ct. at 2171.

Courts in the District of Puerto Rico have since recognized and applied *Knick*. For example, earlier this year, in *In re Fin. Oversight & Mgmt. Bd.,* 41 F.4th 29, 42 (1st Cir. 2022), cert. denied sub nom. *Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Coop. de Ahorro y Crédito Abraham Rosa*, 2023 WL 2123746, 143 S. Ct. 774 (2023), it was recognized that the Supreme Court's opinion in *Knick* affirmatively held that a federal Takings Clause claim "arises at the time of the taking, *regardless* of post-taking remedies that may be available to the property owner." *Knick*, 139 S. Ct. at 2170. The District of Puerto Rico court correctly concluded that *Knick* rejected an interpretation of the Fifth Amendment from an earlier Supreme Court, which previously found that a Takings Clause violation does *not* ripen until just compensation is denied and requiring a property owner to exhaust state procedures for obtaining compensation for a taking *before* suing in federal court. *In re Fin. Oversight & Mgmt. Bd,* supra, (discussing *Knick*, 139 S. Ct. at 2170–75 (overruling *Williamson County,* supra)).

To summarize, the Supreme Court has explicitly concluded that a property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it, and therefore, may bring his claim in federal court under § 1983 at that time. *Knick*, supra, at 2162. It is no longer a requirement that a

plaintiff seek compensation in state court *before* bringing a Takings Clause claim in federal court. *Id.* at 2177-79. As such, the exhaustion of state remedies, namely, availing oneself of the remedies guaranteed by State law is no longer a prerequisite to filing an action under § 1983 in federal court. *Id.* at 2167. Accordingly, the Municipality's request to dismiss the Complaint for failure to exhaust administrative remedies and lack of subject matter jurisdiction cannot prevail.

        B.      <u>Section 1983 claims against Municipalities</u>

Next, the Municipality argues that under *Howlett v. Rose*, 496 U.S. 356, 376 (1990), it cannot be sued because "the Supreme Court has established in an unambiguous manner [] that *states* are not persons for purposes of § 1983," and, therefore, "neither a federal court nor a state court may entertain a § 1983 action against such a defendant."[2] In response, plaintiff avers that *Howlett* is inapposite because the Municipality is *not* a state, but rather a body of local government, which has been interpreted to constitute a "person" for purposes of § 1983. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988). Plaintiff also observes that in the recent case of *Knick*, 139 S. Ct. at 2162, cited earlier, the Supreme Court specifically allowed an inverse condemnation claim under § 1983 against the Township of Scott, which is a municipality. Plaintiff's contentions are accurate.

The Supreme Court has long held that municipalities and other bodies of local government *are* "persons" within the meaning of § 1983. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978); *Praprotnik*, 485 U.S. at 121. A municipality is thus a "person" for purposes of § 1983, which can be sued directly under said statute if it is alleged to have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, supra. To be sure, a municipality may be sued under § 1983, but *only* when the alleged unlawful action implemented or was executed

---

[2] The Supreme Court has unambiguously established that *states* are *not* persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). The Supreme Court has also noted that "[s]ince this Court has construed the word 'person' in a § 1983 action to exclude States, neither a federal court nor a state court may entertain a § 1983 action against such a defendant." *Howlett v. Rose*, 496 U.S. 356, 376 (1990). That is not the case here.

pursuant to a governmental policy or custom. 42 U.S.C § 1983. *See e.g., Illiano v. Mineola Union Free School Dist.*, 585 F. Supp. 2d 341 (E.D. N.Y. 2008). Even so, courts have made pellucid that § 1983 is *not* a "federal good government act" for municipalities. Rather, it creates a federal cause of action against persons, including municipalities, who deprive citizens of the United States of their constitutional rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 396, 109 S. Ct. 1197, 1208, 103 L. Ed. 2d 412 (1989).

Therefore, it is clear that the Municipality can constitute a person that may be sued under § 1983. The Municipality's request to dismiss this action, claiming that such government body cannot be sued under § 1983 misses the mark. The analysis, however, does not end there because relevant precedent *only* allows for such actions against a government body, like the Municipality, *if* the factual allegations asserted by the plaintiff comply with specific statutory requirements and relevant case law. That leads us to the next, and critical, question, whether the plaintiff's Complaint adequately states a plausible § 1983 claim against the Municipality. The short answer is "no." The Court explains.

        C.     <u>Federal Takings Claim</u>

The Takings Clause of the Fifth Amendment of the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. As noted above, a property owner may bring a Fifth Amendment claim under 42 U.S.C. § 1983 to seek compensation for a government violation of the Takings Clause. *Knick*, 139 S. Ct. at 2162. When governmental regulations deprive a property owner of all economically beneficial uses of their property, that owner has suffered a compensable taking. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992). *See Haney as Tr. of Gooseberry Island Tr. v. Town of Mashpee*, 594 F. Supp. 3d 151, 158 (D. Mass.), reconsideration denied, 599 F. Supp. 3d 32 (D. Mass. 2022).

In this case, the Municipality moves to dismiss plaintiff's § 1983 action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[3] The Court begins its analysis with a review of the Complaint, which is comprised of a meager three (3) pages. The relevant portions of plaintiff's allegations are as follows:

> 5. Defendant Municipality of Canóvanas is a juridical entity of local government, subordinated to the Constitution of the Commonwealth of Puerto Rico and to its laws, 21 Laws of P.R. §4003, with the capacity to sue and be sued. 21 Laws of P.R. ¶4051(b).
>
> \* \* \*
>
> 8. The Municipality of Canóvanas and the Commonwealth of Puerto Rico, without permission, entered plaintiff's property and has built sports facilities therein.
>
> 9. The acts of the Municipality of Canóvanas and the Commonwealth of Puerto Rico constitute a taking of plaintiff's property.
>
> 10. Neither Municipality of Canóvanas nor the Commonwealth of Puerto Rico, have paid plaintiff any compensation for the taking of its property.
>
> \* \* \*
>
> 12. The Municipality of Canóvanas and the Commonwealth of Puerto Rico have taken plaintiff's property and are liable for value of said property at the time of the taking.

---

[3] The Municipality also maintains that dismissal of the Complaint is proper because the cause of action alleged is time-barred. The Complaint, however, fails to mention the date in which the alleged taking of property was effected by the Municipality. Similarly, in its brief in opposition to the Motion to Dismiss, the plaintiff again omits any mention of the purported date of taking and does not argue that the action is timely, rather, it claims that the one-year statute of limitations for an inverse condemnation action does not apply. *See Culebra Enterprises Corp. v. E.L.A.*, 143 D.P.R. 935, 946-947 (1997). Omitting the date of the purported taking of property, raises suspicion, as the date appears to be a material element to successfully assert an inverse condemnation claim. Similarly, plaintiff's failure to even attempt to cure this defect and its complete lack of well-developed argumentation in his response in opposition to the Motion to Dismiss, make it is impossible for the Court to determine whether the present action was indeed timely filed. Plaintiff's omissions, of course, tilt the balance in favor of finding that the allegations asserted in the Complaint are insufficient to establish a plausible claim of entitlement to relief. In any case, the analysis that follows negates the need to discuss the timeliness matter any further.

(Docket No. 1). In addition to the above paragraphs, in paragraph 7, the plaintiff describes the parcel of land allegedly taken by the Municipality. The description of the property is for some reason provided in the Spanish language, with no certified translation accompanying it.[4] Plaintiff goes on to state that it is bringing this cause of action pursuant to § 1983 for a presumed violation to the Fifth Amendment. (Docket No. 1). Plaintiff's allegations, however, are insufficient to show that it has a plausible entitlement to relief under § 1983.

For a complaint to state a cognizable Fifth Amendment claim, it has to include plausible allegations that the government body engaged in an action which could implicate § 1983. *See Masso-Torrellas v. Municipality of Toa Alta*, 845 F.3d 461, 467 (1st Cir. 2017). What that means is that a "[l]ocal governing bod[y] . . . can be sued directly under § 1983 . . . [only when it] *unconstitutional[ly] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.*" *Monell*, 436 U.S. at 690 (emphasis added).

The Supreme Court made that clear when it stated that:

> the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable <u>unless</u> action pursuant to *official municipal policy of some nature caused a constitutional tort* . . . . [I]t is when *execution of a government's policy or custom*, whether made

---

[4] Plaintiff neglected to furnish the Court with a translation of a paragraph included in the compliant in the Spanish language. This oversight contravenes this District's Local Rules, which state, in pertinent part, that: "All documents not in the English language which are presented or filed, whether as evidence or otherwise, *must* be accompanied by a certified translation into English which meets one of [the specified] criteria" set forth under the rule. *See* Local Civil Rule 5(c) of the Local Rules of the United States District Court for the District of Puerto Rico.

Courts have routinely recognized that it is the independent duty of the district court to make sure that "[*a*]*ll pleadings* and proceedings . . . be conducted in the English language." *United States v. Rivera-Rosario*, 300 F.3d 1, 6 (2002). The First Circuit, as well as courts in this District, have given fair warning that they will not ignore such rule with impunity. "This is as it should be: attorneys who appear before us are expected to know and follow the rules." *Ramos–Baez v. Bossolo–López,* 240 F.3d 92, 94 (1st Cir. 2001). *See also Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 148 (1st Cir. 2002).

Plaintiff's omission is serious business but not fatal because the information included in the complaint in Spanish is neither necessary nor relevant to the decision made by the Court today. Let this be fair warning to all.

> by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, *inflicts the injury that the government as an entity is responsible under § 1983.*

*Monell*, 436 U.S. at 691–94 (emphasis added).

Consistent with *Monell*, supra, the First Circuit in *Masso-Torrellas*, found that the record before it did not contain any plausible allegations that the defendant "Municipality was acting in a sovereign capacity pursuant to any statute, ordinance, regulation, or custom when it terminated the contract and took over the construction site and temporarily detained OSSAM's property." *Masso-Torrellas*, 845 F.3d at 469. The First Circuit thus found that "[t]here [wa]s no allegation in the Complaint that the Municipality acted pursuant to a statute, ordinance, or regulation." *Id*. The Court went on to hold that, while "[t]he complaint did state that the Municipality implemented "customs and policies," which caused the plaintiffs' injuries, there was no further development of this bare assertion in the Complaint regarding any *specific Municipality actions undertaken pursuant to its customs and policies." Id.*

The First Circuit therefore affirmed the District Court's dismissal of plaintiff's § 1983 claims, holding that the contractors did *not* sufficiently allege § 1983 claims. More precisely, the First Circuit found that "there is no plausible allegation in the complaint that the Municipality engaged in action which would implicate § 1983," therefore, dismissal of the claim was proper. *Id.* at 467-469.

Similarly, in *Rosaura Building Corp. v. Municipality of Mayaguez*, 778 F.3d 55 (1st Cir. 2015), the First Circuit affirmed the district court's dismissal of "claims against the municipal government under *Monell,* after it found that Rosaura failed to plead a scintilla of facts against that government entity . . . [about the] execution of a government's policy or custom." *Id.* at 61–62, 69 (citation omitted). *See also Masso-Torrellas*, supra at 469.

It is thus well-settled that a municipality (or other local government body) *cannot* be held liable under § 1983 *unless* the plaintiff can show the existence of an unconstitutional municipal policy. The plaintiff in this case does *not* allege in the Complaint that anyone in the municipal government ever promulgated, or even

articulated, such a policy. *See Praprotnik*, 485 U.S. at 128. Such omission proves fatal to plaintiff's § 1983 claim.

Similar to *Masso-Torrellas*, supra, and *Rosaura Building Corp.,* supra, the present Complaint fails to include *any* plausible allegation that the Municipality was acting in a sovereign capacity pursuant to any statute, ordinance, regulation, or custom when it allegedly, "without permission, entered plaintiff's property" and "built a sports facilities [sic] therein," effectively taking over the property. *See* (Docket No. 1); *Masso-Torrellas*, 845 F.3d at 468–69.

With respect to the purported taking of property, the Complaint *only* sets forth a conclusory allegation that the acts of the Municipality constitute a taking of plaintiff's property. That's the full extent of any discussion on it. There was no further development of this barebones assertion in the Complaint. There is no reference to, nor argument of, a specific Municipality action undertaken pursuant to its customs and policies that could sufficiently state a plausible claim under § 1983.

Here, given the record and the facts as alleged in the Complaint, the plaintiff failed to plead even a scintilla of facts that the Municipality acted under color of law. Because the Municipality is not alleged to have engaged in a sovereign act, there is no constitutional claim that would support a cause of action pursuant to § 1983. *See Monell*, supra; *Rosaura Building Corp., supra; Masso-Torrellas, supra.*

The short of it is that the Complaint's allegations are so skeletal, threadbare, and underdeveloped that they do not give rise to a claim under § 1983. *See Masso-Torrellas*, supra. As such, the plaintiff fails to meet the "plausibility" standard under Fed. R. Civ. P. 12(b)(6) and thus the Complaint must be dismissed.

### III.  Conclusion

Plaintiff failed to allege sufficient facts to show that it has a plausible entitlement to relief under § 1983. *See Twombly*, 550 U.S. at 570. Accordingly, dismissal of the Complaint is appropriate. The Municipality's motion to dismiss at Docket No. 33 is hereby **GRANTED** and plaintiff's claims are **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this <u>31st</u> day of March 2023.

						_____
						MARSHAL D. MORGAN
						United States Magistrate Judge