IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CANÓVANAS URBAN DEVELOPMENT, INC.**,<br>　　Plaintiff,<br><br>　　　v.<br><br>**MUNICIPALITY OF CANÓVANAS**,<br>　　Defendant. | CIV. NO. 20-1487 (MDM) |

## OPINION AND ORDER

In a last-ditch effort to save its already dismissed claims, plaintiff Canóvanas Urban Development, Inc. (hereinafter the "plaintiff") filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). (Docket No. 44). Defendant the Municipality of Canóvanas (hereinafter the "defendant" or the "Municipality") opposed the motion. (Docket No. 47). For the reasons discussed more thoroughly below, the Court **DENIES** the Rule 59(e) motion.

### I.    Standard of Review: Rule 59(e)

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend judgment within 28 days of entry of judgment. Fed. R. Civ. P. 59(e). There are three valid grounds for Rule 59(e) relief: an "intervening change" in the controlling law, a clear legal error, or newly discovered evidence. *Carrero-Ojeda v. Autoridad De Energía Eléctrica*, 755 F.3d 711, 723 (1st Cir. 2014); *Soto-Padró v. Public Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012).

Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." *Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998); *Trabal Hernández v. Sealand Servs., Inc.,* 230 F. Supp. 2d 258, 259 (D.P.R. 2002). Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co.,* 899 F. 2d at 123; *accord Berrios–Berrios v. Commonwealth of P.R.,* 205 F. Supp.

2d 1, 2 (D.P.R. 2002); *Gueits–Colon v. Fraticelli–Viera,* 181 F. Supp. 2d 48, 49 (D.P.R. 2002). These motions are "extraordinary remedies which should be used sparingly," *Nat'l Metal Finishing Co.,* 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995); *Pérez v. Lorraine Enters.*, 769 F.3d 23, 32 (1st Cir. 2014); *see Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Rule 59(e) does not permit a party to turn back the clock, erase the record, and try to reinvent its case after an adverse judgment has been entered. *See Aybar v. Crispin-Reye*s, 118 F.3d 10, 16 (1st Cir. 1997); *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994). The reconsideration and amendment of a previous order is an unusual measure. *International Center For Technology Assessment v. Thompson*, D.D.C. 2006, 421 F. Supp. 2d 1. Courts enjoy considerable discretion in deciding a Rule 59(e) motion. *Carrero-Ojeda,* 755 F.3d at 723; *Soto-Padró*, 675 F.3d at 9.

## II.    Discussion

Plaintiff first argues that the Court erred in dismissing the complaint *sua sponte*. Plaintiff also claims that there is no basis to conclude that it cannot prevail in this action. In the alternative, plaintiff requests that the Court set aside its judgment and allow it to amend the pleadings. Overall, the Court finds the plaintiff's arguments to be unpersuasive. Plaintiff has not demonstrated any of the valid grounds to alter or amend a judgment under Rule 59(e), namely, an intervening change in the controlling law, a clear error of law, or new evidence that it could not have presented previously. *Carrero-Ojeda,* 755 F.3d at 723 (1st Cir. 2014); *Markel American Insurance Co. v. Díaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012). Though this should serve sufficient to deny the plaintiff's motion, the Court discusses in more detail each of the plaintiff's arguments *seriatim*.

Plaintiff first argues that the Court's dismissal of the Complaint constituted a *sua sponte* dismissal. Plaintiff's characterization of events is flawed, at best. The defendant is correct in its assertion that the plaintiff's entire motion relies on the false premise that the Court dismissed the Complaint *sua sponte*; <u>it did not</u>. The record is clear that the defendant filed a Motion to Dismiss the Complaint pursuant

to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 33.) The Municipality's Motion to Dismiss argued in essence that the Complaint failed to state a cognizable claim upon which relief could be granted under 42 U.S.C. § 1983; and, specifically argued that, in order to prevail in any § 1983 claim, a plaintiff must allege that the conduct complained of has been committed under color of state law. (*See* Docket No. 33 at 20- 23). The Court carefully reviewed the motion, as well as the plaintiff's response in opposition thereto. (Docket No. 36). After a thorough review of the pertinent filings, and the applicable law, the Court drafted a meticulously explained 14-page Opinion and Order dismissing the Complaint. (*See* Docket No. 41).

The plaintiff unavailingly attempts to claim surprise by the Court's dismissal but the defendant's arguments in the Motion to Dismiss were clearly spelled out and constituted more than enough to put the plaintiff on notice of the deficiencies in its Complaint. The plaintiff thus had ample opportunity to defend against the dismissal allegations and as a matter of fact did so by filing a response in opposition to the Motion to Dismiss. (*See* Docket No. 36). *See Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) ("[P]laintiffs were put on notice of the deficiencies in the complaint *by the motion to dismiss*. If they had something relevant to add, *they should have moved to add it then*. . . .") *See also City of Miami Fire Fighters' & Police Officers' Ret. Trust v. CVS Health Corp.*, 46 F.4th 22, 31 (1st Cir. 2022) ("there is *no* basis for contending that in this case the grounds for the dismissal were somehow a surprise. To the contrary, they were the focus of defendants' briefing.") Not unlike the above cited cases, if plaintiff had something more to add to avoid dismissal and/or wanted to cure the deficiencies in its Complaint, it *should* have moved to do so *in response* to the Motion to Dismiss; not *after* the Court ruled on the Motion to Dismiss and entered judgment dismissing the case.

It is worth mentioning, moreover, that in its Rule 59(e) motion, the plaintiff cites to a case that far from proving its point, it further bolsters the Court's conclusion. *See González-González v. U.S.,* 257 F.3d 31, 36 (1st Cir. 2001) ("If a defendant *files a motion to dismiss for failure to state a claim*, *see* Fed. R. Civ. P. 12(b)(6), the plaintiff, as a practical matter, *has notice of the motion and an*

*opportunity to amend the complaint as of right*, see Fed. R. Civ. P. 15(a). But where . . . a court jettisons an action *sua sponte*, the dismissal deprives the plaintiff of these core protections.") This is one of the former cases where the defendant filed a motion to dismiss and, therefore, the plaintiff had proper notice of the motion and an opportunity to amend the complaint as of right. Plaintiff however did not avail itself of that right in a timely and legitimate manner.

The plaintiff next argues that, as a Section 1983 taking case, the Court has no basis to conclude that it cannot prevail in its action. Plaintiff alleges that the Municipality took possession of its property without compensation and that that "should be enough." It is not. As the Court thoroughly explained in its Opinion and Order, the plaintiff's 3-page Complaint failed to allege sufficient facts to show that it has a plausible entitlement to relief under § 1983. The plaintiff broadly, and without the required degree of specificity, disagrees with the Court's decision. But plaintiff's Rule 59(e) motion neither presents newly discovered evidence nor alleges clear and manifest errors of law. Neither does it raise novel theories of law. Instead, plaintiff simply disagrees with the Court's findings. That plaintiff has a difference of opinion with the Court in this matter is not grounds for relief under Rule 59(e). *See Trabal Hernández,* 230 F. Supp. 2d at 260.

Furthermore, according to the plaintiff, what the Court found "fatal" in its Complaint was the absence of a pleading explicitly stating that the "Municipality was acting in a sovereign capacity pursuant to any statute, ordinance, regulation, or custom." The plaintiff now says that assuming *arguendo* that such a pleading need be explicit in the Complaint (which the case law dictates it needs to be), that that is a curable pleading deficiency, not a fatal flaw, and he *should* be allowed to amend the Complaint. Plaintiff's demand does not pass muster. Motions to alter or amend judgment *cannot* be used to raise arguments which *could have been raised prior to the issuance of the judgment*, nor are they appropriate to repeat old arguments previously considered and rejected. *Trabal Hernández*, 230 F. Supp. 2d at 258. As the Court just explained, plaintiff *never* moved to amend the Complaint *before* when it was notified by the defendant of the defects in its Complaint. The plaintiff has no

right to amend the Complaint *now*, after the case has been dismissed and judgment has been entered. *See Fire & Police Pension Ass'n of Colo.*, supra at 247 ("We wish to discourage this practice of seeking leave to amend *after* the case has been dismissed."). Unfortunately for the plaintiff, its arguments are too little too late.

### III.   Conclusion

As noted above, to prevail on a motion to alter or amend a judgment under Rule 59(e), the plaintiff had to show that "the original judgment evidenced a manifest error of law" or that there was "newly discovered evidence." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citing *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). The plaintiff did not meet its burden. Accordingly, the plaintiff's Rule 59(e) motion at Docket No. 44 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of June 2023.

MARSHAL D. MORGAN
United States Magistrate Judge